IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number: _____

KIMBERLY GOODMAN,

    Plaintiff

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

    Defendant

---

## NOTICE OF REMOVAL

---

Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "Defendant State Farm"), by and through its counsel, CAIN & HAYTER, LLP, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully files this Notice of Removal of the above-captioned action from the District Court for the County of El Paso, State of Colorado, to the United States District Court for the District of Colorado.

As grounds for removal, Defendant State Farm states as follows:

### Certification pursuant to D.C.COLO.LCivR. 7.1

The undersigned has conferred with counsel for Plaintiff who was **opposed** to this Notice of Removal.

1. On or about May 7, 2013, Plaintiff filed her Complaint against Defendant State Farm Mutual Automobile Insurance Company in the El Paso County District Court entitled *Kimberly Goodman v. State Farm Mutual Automobile Insurance Company*; Case No. 2013CV2066.

2. Service of the Summons and Complaint on Defendant State Farm Mutual Automobile Insurance Company was apparently effected on May 8, 2013. (A copy of the Summons, Complaint, and Affidavit of Service is attached hereto as **Exhibit A**.).

3. Related to the timing of the filing of this Notice of Removal to federal court, 28 U.S.C. section 1446(b)(2)(B) states that "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B).

4. This action is one in which the district courts of the United States have original jurisdiction pursuant to 28 U.S.C. § 1332 because (1) diversity of citizenship exists between Plaintiff and Defendant State Farm Mutual Automobile Insurance Company; and (2) the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs. Pursuant to 28 U.S.C. § 1441(d), the United States District Court for the District of Colorado is the appropriate court for filing a Notice of Removal from the District Court of El Paso County, Colorado, where this action is pending.

5. Pursuant to the allegations of the Complaint filed in El Paso County District Court Case No. 2013CV2066, Plaintiff is a resident of the State of Colorado. (*See* para. 1 of the Complaint at **Exhibit A**.)

6. Furthermore, at all times relevant hereto, Defendant State Farm was and is a foreign corporation/insurance company licensed to write uninsured/underinsured

motorist insurance in the State of Colorado. (See the Periodic Report of Defendant State Farm which was filed with the Colorado Secretary of State on December 12, 2012, attached hereto as **Exhibit B**.) Specifically, Defendant State Farm is an Illinois corporation with its principal place of business in the State of Illinois.

7. As such, complete diversity of citizenship exists between the parties.

8. The amount in controversy must be determined by the allegations contained in the complaint or, if not dispositive, by the allegations in the Notice of Removal. *See* Laughlin v. K-Mart Corp., 50 F.3d 871, 873 (10th Cir. 1995); Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001).

9. In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. Ronzio v. Denver & R.G.W.R. Co., 116 F.2d 604, 606 (10th Cir. 1940). The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce. *Id.*; see also McPhail v. Deere & Co., 529 F.3d 947, 954 (10th Cir. 2008) (the sum for the amount in controversy can be either in value of what plaintiff seeks or what defendant may lose).

10. The defendant does not have to prove the legal conclusion that the statutory amount is, in fact, in controversy or that the plaintiff will, in fact, recover that amount. McPhail, 529 F.3d at 955-56. The amount in controversy is not proof of the amount that the plaintiff will recover. *Id.* at 956. Rather, it is an estimate of the amount that will be put at issue in the course of litigation. *Id.*

11. A defendant may introduce evidence including, but not limited to, interrogatories, admissions, affidavits, and proposed settlement demands or correspondence to show the amount in controversy. *Id.* at 954-56. In addition, a defendant may rely on an estimate of the potential damages from the allegations in the complaint to prove facts supporting the amount in controversy by a preponderance of the evidence. *Id.* at 955-56.

12. Once a defendant establishes contested facts which support the requisite amount in controversy, a defendant is entitled to stay in federal court unless it is "**legally certain**" that less than $75,000.00 is at stake. *Id.* at 954 (emphasis added). If the amount is uncertain, then there is a potential controversy, which is to say, that at least $75,000.00 is in controversy in the case. *Id.* at 954.

13. In the present case, the amount in controversy being raised by Plaintiff in this matter exceeds $75,000.00. **In the prayer for relief contained in her Complaint, Plaintiff requested relief "in the amount of three hundred thousand dollars** [$300,000.00] . . . ." (See p. 5 of **Exhibit A**.)

14. Furthermore, **in the correspondence dated March 22, 2013, Plaintiff stated that "The UIM limits are $100,000.00. By this letter, we are requesting that State Farm pay the UIM limits . . . ."** (See a redacted copy of the demand letter dated March 22, 2013, from Plaintiff's counsel to Defendant State Farm attached hereto as **Exhibit C**.)

15. In addition, Plaintiff's Civil Case Cover Sheet seeks a monetary judgment in excess

of $100,000.00. (See Plaintiff's Civil Case Cover Sheet attached hereto as **Exhibit D**.) Plaintiff's Civil Case Cover Sheet states that "**A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.**" (See **Exhibit D**.)(emphasis added)

16. Plaintiff's Civil Case Cover Sheet constitutes a judicial admission regarding the amount in controversy for the purposes of removal. *See Wright v. Hartford Underwriters Ins. Co.*, 04-RB-1735 (BNB) (D. Colo. Feb. 15, 2005)(specifically construing a District Court Civil Case Cover Sheet as an admission as to the amount in controversy for purposes of removal); *Henderson v. Target Stores*, 431 F. Supp. 2d 1143 (D. Colo. 2006) (the filing of a Civil Cover Sheet serves as notice of the amount in controversy), but *see, e.g., Harding v. Sentinel Ins. Co.*, 490 F. Supp. 2d 1134, 1135 (D. Colo. 2007) (holding that a Civil Cover Sheet alone is not sufficient to establish the amount in controversy); *Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208 (D. Colo. 2008) (finding that a party may not rely solely on a Civil Cover Sheet to establish the amount in controversy).

17. In addition, on May 7, 2013, Plaintiff filed her Notice Relating to C.R.C.P. 16.1. (Attached hereto as **Exhibit E**.) Plaintiff's Notice Relating to C.R.C.P. 16.1 states "**Plaintiff seeks damages in excess of $100,000.00.**" (See paragraph 1 of **Exhibit E**.)(emphasis added.)

18. The present action arises out of a motor vehicle accident which allegedly occurred on or about April 17, 2009, in the 2200 block of Templeton Gap Road in Colorado Springs, El Paso County, Colorado. Plaintiff's Complaint in conjunction with her demand letter dated March 22, 2013, her Notice Relating to C.R.C.P. 16.1, and the Civil Case Cover Sheet demonstrate that the amount in controversy in this case exceeds the jurisdictional threshold. Plaintiff claims entitlement to benefits under the Underinsured Motorist (UIM) Coverage provisions of the State Farm Mutual Automobile Insurance Company policy to compensate her for her alleged injuries and damages she claims to have suffered as a result of the subject accident. (See **Exhibit A**.)

19. In addition, as a result of the subject accident, Plaintiff claims to have sustained "severe and permanent injuries to her chest and ribs, muscle tension headaches, cervical pain, upper thoracic and mid thoracic pain and stiffness, low back pain and bilateral arm pain and numbness, . . . result[ing] in medical expenses, pain and suffering and lost earnings and earning capacity . . . [which are] permanent . . . [and] will continue . . . throughout her life." (See para. 6 of **Exhibit A**.)

20. Plaintiff has clearly stated that she is seeking more than the $75,000.00 jurisdictional threshold considering the amount of damages Plaintiff seeks from Defendant State Farm as shown by (1) her Complaint; (2) the demand letter dated March 22, 2013; (3) Plaintiff's Civil Case Cover Sheet which reflects that Plaintiff alleges that her damages are in excess of $100,000.00; and (4) Notice Relating to

C.R.C.P. 16.1.  (See **Exhibits A, C, D, and E**.)

21. The State District Court with jurisdiction over this matter is the District Court of El Paso County, Colorado.

22. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders in the state case file of which Defendant State Farm Mutual Automobile Insurance Company is aware are filed concurrently with this Notice.

23. In addition, pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the District Court for El Paso County, Colorado, and a copy has been served on Plaintiff as indicated on the attached Certificate of Service.

WHEREFORE, Defendant State Farm Mutual Automobile Insurance Company hereby removes this action from the District Court of El Paso County, Colorado to the United States District Court for the District of Colorado.

Respectfully submitted on this the 28th day of May, 2013.

CAIN & HAYTER, LLP

*/s/ Jennifer L. White*

Craig W. Cain, No. 15930
Jennifer L. White, No. 36466
1555 Quail Lake Loop, Suite 100
Colorado Springs, Colorado  80906
Telephone:  (719) 575-0010
Facsimile:  (719) 575-0020
E-mail:  ccain@cainhayter.com
E-mail:  jwhite@cainhayter.com
*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*