IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  13-cv-01376-WJM-MJW

KIMBERLY GOODMAN,

Plaintiff(s),

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant(s).

---

## ORDER REGARDING
## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF THE CLAIM FILE
## (DOCKET NO. 36)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion to Compel Production of the

Claim File (docket no. 36).  The court has reviewed the subject motion (docket no. 36),

the Defendant's Response to Plaintiff's Motion to Compel Production of Claim File and

Motion for In Camera Review of Withheld Documents (docket no. 49 ), the Documents

Submitted by Defendant State Farm for In Camera Review, and Plaintiff's Reply (docket

no. 53).  In addition, the court has taken judicial notice of the court's file and has

considered applicable Federal Rules of Civil Procedure and case law.  The court now

being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

      1.    That I have jurisdiction over the subject matter and over the parties

to this lawsuit;

2.   That venue is proper in the state and District of Colorado;

3.   That each party has been given a fair and adequate opportunity to be heard;

4.   That Plaintiff was injured in a motor vehicle accident on April 17, 2009.  Defendant State Farm insured Plaintiff's vehicle at the time of the April 17, 2009 accident.  Plaintiff pursued her bodily injury claim against the at-fault driver, Nicholas E. Roddey, and settled with his insurance company, American Family Insurance Company, for the policy limits of $100,000 on March 21, 2013.  Defendant had consented to settlement of the claims against Mr. Roddey and American Family for $100,000;

5.   That on April 22, 2013, Defendant denied Plaintiff's claim for uninsured/underinsured motorist coverage benefits.  Thereafter, on May 7, 2013, Plaintiff filed her Complaint against Defendant in the El Paso County District Court captioned Kimberly Goodman v. State Farm Mutual Automobile Insurance Company, Case No. 2013cv2066;

6.   That on May 28, 2013, Defendant removed this case to this court. See docket no. 1;

7.   That Plaintiff seeks, in the subject motion (docket no. 36), an Order from this court compelling, *in essence*, full and complete disclosure of the Defendant's **"claims file."**;

3

8.     That Plaintiff argues that she is entitled to the full and complete
       **"claims file"** because the "claims file" is not vague and ambiguous
       and the term **"claims file"** is clear and is of ordinary use.  Further,
       Plaintiff generally argues that the portions of the "claims file" that
       Defendant has refused to produce are not protected by the work
       product doctrine or the attorney client privilege and are relevant to
       the claims brought by Plaintiff in her Complaint.  Lastly, Plaintiff
       argues that the requested discovery is reasonably calculated to
       lead to the discovery of admissible evidence;

9.     That Defendant has objected to producing the full and complete
       **"claims file"** stating two reasons:

       a.     Defendant believes the term **"claims file"** is vague and
              ambiguous, and

       b.     Defendant believes it has produced what has been
              requested through its Fed. R. Civ. P. 26(a)(1) disclosures,
              despite relevant portions being redacted or omitted as per
              their privilege log;

10.    That Defendant first argues that 47 pages or portions of pages [i.e.,
       "documents"] should be withheld.  Second, Defendant argues that
       the "documents" withheld from their Rule 26(a)(1) disclosures as
       attached to their Response (docket no. 49) exhibit C were withheld
       because they are: (a) subject to the attorney-client privilege; (b)

4

prepared in anticipation of litigation and are, therefore, privileged

work product; (c) private information relating to a non-party; (d) not

relevant to disputed facts (i.e., not relevant to any claim or

defense); and/or (e) not reasonably calculated to lead to the

discovery of admissible evidence.  Furthermore, Defendant

contends that Plaintiff cannot show a substantial need for the

withheld "documents" because such "documents": (a) do not

contain facts considered in its analysis of Plaintiff's UIM claim, (b)

do not constitute an analysis of the facts by State Farm, (c) do not

contain State Farms' understanding of their obligations to Plaintiff,

and (d) do not contain the conclusions reached by State Farm.

Thus, Defendant argues that such withheld documents are not

relevant to Plaintiff's bad faith and/or delay statute claims; and

11. That on pages 12 through 21, inclusive, in Defendant's Response

(docket no. 49), the Defendant outlines, in particularity, its

objections to disclosure of the subject "documents" by bates stamp

number.  I will address the Defendant's objections as to each

"document" by bates stamp number.

a. Defendant's objections to bates stamp nos. 000471; 000373;

000372; 000369; 000370; 000367; 000366; 000141; 000140;

000126; 000125; 000057; 000056; 000042; 000035 Notes

Entry 05-16-2013; 000034 Notes Entry 05-16-2013 and 05-

15-2013; 000033 Notes Entry 05-09-2013; 000030 Notes

5

Entry 05-016-2013 (three entries); 000029 Notes Entry 05-16-2013, 05-15-2013 (four entries); 000012 Notes Entry 05-16-2013; and 000005 are SUSTAINED.  Defendant is not required to produce these to Plaintiff; and

b.      Defendant's objections to bates stamp nos. 000039; 000037; 000036; 000035 Note History entries 4-25-2013 (all six entries); 000034 Notes Entry 04-25-2013 (all seven entries), 04-10-2013, and 12-05-2011; 000033 Notes entry 04-25-2013, 04-18-2013, 04-17-2013 (two entries), 04-10-2013, 04-09-2013, 03-29-2013, 03-26-2013; 000032; 000031; 000030 Notes Entry 12-09-2011 (two entries), 12-08-2011 (three entries); 000029 Notes Entry 04-25-2013; 000028; 000027; 000026; 000025; 000024; 000023; 000022; 000021; 000020; 000019; 000018; 000017; 000016; 000015; 000014; 000013; 000012 Notes Entry 02-08-2012, 12-29-2011, 04-17-2013, 04-29-2013, and 03-26-2013 (four entries); 000011; 000010; 000009; 000008; and 000006; are OVERRULED.  Defendant shall produce these documents to Plaintiff;

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS:**

6

1.   That Plaintiff's Motion to Compel Production of the Claim File

(docket no. 36) is **GRANTED IN PART AND DENIED IN PART** as

follows:

The subject motion (docket no. 36) is **GRANTED** as to the following

bates stamped documents 000039; 000037; 000036; 000035 Note

History entries 4-25-2013 (all six entries); 000034 Notes Entry 04-

25-2013 (all seven entries), 04-10-2013, and 12-05-2011; 000033

Notes entry 04-25-2013, 04-18-2013, 04-17-2013 (two entries), 04-

10-2013, 04-09-2013, 03-29-2013, 03-26-2013; 000032; 000031;

000030 Notes Entry 12-09-2011 (two entries), 12-08-2011 (three

entries); 000029 Notes Entry 04-25-2013; 000028; 000027;

000026; 000025; 000024; 000023; 000022; 000021; 000020;

000019; 000018; 000017; 000016; 000015; 000014; 000013;

000012 Notes Entry 02-08-2012, 12-29-2011, 04-17-2013, 04-29-

2013, and 03-26-2013 (four entries); 000011; 000010; 000009;

000008; and 000006.   Defendant shall provide these bates

stamped documents to Plaintiff **on or before January 20, 2014**;

The subject motion (docket no. 36) is **DENIED** as to the following

bates stamped documents 000471; 000373; 000372; 000369;

000370; 000367; 000366; 000141; 000140; 000126; 000125;

7

000057; 000056; 000042; 000035 Notes Entry 05-16-2013; 000034

Notes Entry 05-16-2013 and 05-15-2013; 000033 Notes Entry 05-

09-2013; 000030 Notes Entry 05-016-2013 (three entries); 000029

Notes Entry 05-16-2013, 05-15-2013 (four entries); 000012 Notes

Entry 05-16-2013; and 000005.  Defendant is not required to

produce these bates stamped documents to Plaintiff;

2.      That Defendant's Motion for In Camera Review of Withheld

Documents (docket no. 49 ) is **GRANTED;** and

3.      That each party shall pay their own attorney fees and costs for this

motion finding that an award of expenses under these

circumstances would be unjust.

Done this 3rd day of January 2014.

                                BY THE COURT

                                s/Michael J. Watanabe
                                MICHAEL J. WATANABE
                                U.S. MAGISTRATE JUDGE