IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01376-WJM-MJW

KIMBERLY GOODMAN,

Plaintiff(s),

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant(s).

ORDER REGARDING
PLAINTIFF'S MOTION TO COMPEL ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION (DOCKET NO. 47)

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion to Compel Answers to Plaintiff's Second Set of Interrogatories and Requests for Production (docket no. 47). The court has reviewed the subject motion (docket no. 47), the response (docket no. 61), and the reply (docket no. 68). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That plaintiff seeks an Order from this court compelling defendant State Farm to answer plaintiff's second set of interrogatories and requests for production. Specifically, interrogatories 7 and 9 and requests for production 7,8, and 9;

5. That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed

3

discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id. See Fed. R. Civ. P. 26(b) and (c);

6. That as to defendant State Farms' objections to interrogatory no. 7, those objections are overruled. Defendant State Farm has failed to demonstrate that responding to interrogatory no. 7 is protected by work product or by the attorney-client privilege. There is no privilege log provided to the court, and the mere fact that plaintiff is to depose defendant State Farms' adjuster, Dennis Spinks, on February 5, 2014, does not answer fully interrogatory no. 7. The original response given by defendant State Farm to interrogatory no. 7 is less than complete and is not fully responsive;

7. That defendant State Farms' objections to interrogatory no. 9 are sustained. The scope of this interrogatory over a ten-year period of time is overly-broad, unduly burdensome, and does not limit claims to Colorado;

8. That defendant State Farms' objections to request for production no. 7 are sustained. Defendant State Farm has already provided plaintiff with all photographs in their possession and have no surveillance video or photographs of plaintiff. See paragraph 29 in

4

the Response (docket no. 61);

9. That defendant State Farms' objections to request for production no. 8 are sustained. Defendant State Farm does not have any incentive programs that are tied to the approval or denial of claims. See paragraphs 31, 32, 33 and 34 in the Response (docket no. 61); and

10. That defendant State Farms' objections to request for production no. 9 are sustained. This request for production seeks confidential and proprietary business information belonging to defendant State Farm and would invade the privacy interests of its employees. Furthermore, it is overly-broad as worded.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff's Motion to Compel Answers to Plaintiff's Second Set of Interrogatories and Requests for Production (docket no. 47) is **GRANTED IN PART AND DENIED IN PART**. It is **GRANTED** as to interrogatory no. 7. It is **DENIED** as to interrogatory no. 9 and requests for production nos. 7, 8, and 9. Defendant State Farm shall provide to plaintiff a full response to interrogatory no. 7 on or before February 11, 2014; and

2. That each party shall pay their own attorney fees and costs for the

5

subject motion (docket no. 47) since this court finds that it would be unjust to award expenses under these circumstances.

Done this 27th day of January 2014.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE