**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 13-cv-1376-WJM-MJW

KIMBERLY GOODMAN,

     Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

     Defendant.

---

## ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

---

Plaintiff Kimberly Goodman ("Plaintiff") brings this action against State Farm Mutual Automobile Insurance Company ("Defendant"). Before the Court is Defendant's Motion for Partial Summary Judgment under Federal Rule of Civil Procedure 56 ("Motion"). (ECF No. 88.) For the reasons set forth below, Defendant's Motion is denied.

## I. BACKGROUND

This action relates to an Underinsured Motorist (UIM) claim arising from an automobile accident that occurred on April 17, 2009, in Colorado Springs, Colorado. (ECF No. 88 at 3-4.) Plaintiff's vehicle struck the side of Nicholas Roddey's truck as a result of Mr. Roddey's failure to yield the right of way. (ECF No. 88-1.) Plaintiff's husband reported the accident to a State Farm agent, but declined to file a claim. (ECF No. 88-2.)

On November 4, 2011, Plaintiff contacted Defendant regarding a potential UIM

claim.  (ECF No. 88-3.)  Plaintiff next contacted Defendant on March 21, 2013 to inform Defendant that she had new counsel and that suit had been filed against Mr. Roddey (the "March 21 Letter").  (ECF No. 88-7.)  The March 21 Letter also asked for permission to accept the limits of Mr. Roddey's insurance policy.  (*Id.*)  Defendant consented to the underlying settlement (ECF No. 88-8), and began investigating Plaintiff's claim (ECF No. 86-2).

Prior to Defendant responding to the March 21 Letter, Plaintiff mailed a letter to Defendant on March 22, 2013, requesting that Defendant settle Plaintiff's UIM claim for $100,000, so that Plaintiff could settle with Mr. Roddey's insurance company (the "Demand Letter").  (ECF No. 94-1.)  The Demand Letter gave Defendant thirty days to respond, and included relevant medical documents.  (*Id.*; ECF No. 94-2.)

On April 10, 2013, Defendant sent Plaintiff a letter (the "April 10 Letter"), informing her that the total amount of UIM coverage potentially available to Plaintiff was $300,000.00, not $100,000.00 as stated in the Demand Letter.  (ECF No. 86-4.) Defendant also informed Plaintiff that it did not have the "necessary information" to evaluate Plaintiff's UIM claim, and that "no supporting documentation" had been received for Defendant's review of Plaintiff's medical expenses.  (*Id.*)

On April 17, 2013, Defendant received a compact disk containing some of the records missing from the Demand Letter.  (ECF No. 88 at 9.)  Defendant responded to Plaintiff on April 25, 2013, acknowledging receipt of the records, and notifying Plaintiff that additional medical records were needed to properly evaluate her claim.  (ECF No. 86-6.)

As of February 2014, Defendant had yet to respond to Plaintiff's demand,

instead stating that it needed more information before it could complete Plaintiff's UIM claim.  (ECF No. 93-3 at 15:5-24.)

On these facts, Plaintiff filed this action against Defendant on May 7, 2013, in the El Paso County District Court, alleging three claims for relief: (1) breach of contract; (2) bad faith breach of insurance contract; and (3) statutory damages.  (ECF No. 4.)  On May 28, 2013, Defendant removed the case to this Court.  (ECF No. 1.)  On March 14, 2014, Defendant filed a Motion for Partial Summary Judgment on Plaintiff's claims for bad faith breach of insurance contract and statutory damages.  (ECF No. 88.)  On April 4, 2014, Plaintiff filed its Opposition to Defendant's Motion (ECF No. 93), and Defendant filed its Reply on April 18, 2014 (ECF No. 99).  On May 28, 2014, Defendant submitted a Stipulated Motion to Dismiss Plaintiff's First Claim for Relief with Prejudice (ECF No. 108), which the Court granted on May 28, 2014 (ECF No. 109).[1]

This Motion is now ripe for resolution.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one

---

[1]  Because Plaintiff's breach of contract claim has been dismissed (ECF No. 109), Plaintiff's only remaining claims are for bad faith breach of insurance contract and statutory damages, making the instant Motion one for summary judgment of Plaintiff's claims in their entirety.

party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49

(1986); *Stone v. Autoliv ASP, Inc*., 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal

Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual

dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a

reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248.

The Court must resolve factual ambiguities against the moving party, thus favoring the

right to a trial. *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

### III.  ANALYSIS

Plaintiff's remaining causes of action allege that Defendant is liable under both

Colorado common law and statutes governing the conduct of insurance companies.

The Court will discuss each of Plaintiff's claims in turn.

### A.    Bad Faith Breach of Insurance Contract

Under Colorado common law, all insurance contracts "contain[] an implied duty

of good faith and fair dealing." *Goodson v. Am. Standard Ins. Co. of Wis.*, 89 P.3d 409,

414 (Colo. 2004).  "[A] separate action in tort [arises] when the insurer breaches its duty

of good faith and fair dealing." *American Family Mut. Ins. Co. v. Allen*, 102 P.3d 333,

342 (Colo. 2004) (en banc).  "When an insured sues his or her insurer for bad faith

breach of an insurance contract, the insured must prove that (1) the insurer acted

unreasonably under the circumstances, and (2) the insurer either knowingly or

recklessly disregarded the validity of the insured's claim." *Sanderson v. Am. Family

Mut. Ins. Co.*, 251 P.3d 1213, 1217 (Colo. App. 2010).  "What is reasonable under the

circumstances is ordinarily a question of fact for the jury." *Baumann v. Am. Family Mut. Ins. Co.*, 2012 WL 122850, at *4 (D. Colo. Jan. 17, 2012).

Here, Defendant argues that Plaintiff cannot show that Defendant acted unreasonably, or that it knowingly or recklessly disregarded the validity of Plaintiff's claim.  (ECF No. 88 at 27.)  Specifically, Defendant argues that it was actively investigating Plaintiff's claim when she initiated her lawsuit, and that Plaintiff's claim was not complete at that time because she had not provided the necessary documents to Defendant.  (*Id.* at 25-27.)  Plaintiff, however, has offered evidence showing that she had supplied all the necessary documentation to Defendant.  For instance, even though the April 10 Letter stated that "no supporting documentation [had been] received for our review" (ECF No. 93-1), the record shows that Plaintiff had previously provided documentation to Defendant as an attachment to the Demand Letter (ECF Nos. 94-1, 94-2).  Also, after Plaintiff sent the requested information to Defendant a second time (ECF No. 94-3), Defendant continued to ask for additional records, some of which had already been provided (ECF No. 93-2), and some of which were not relevant to Plaintiff's UIM claim (ECF No. 93 at 4).

Additionally, Plaintiff has introduced evidence showing that Defendant, while analyzing the value of Plaintiff's UIM claim in a May 16, 2013 evaluation:

> [F]ailed to include any amount for future medical expenses despite treating physicians and its own retained expert indicating future medical care was needed; failed to include any amount for future wage loss even though this wage loss was substantiated by Plaintiff; in the case of its low valuation significantly underestimated past wage loss; for its low valuation the amount for past pain and suffering was unreasonably low; included no amount for future pain and suffering although clearly there will be future pain and suffering; and failed to include any damages for the loss of the quality of life or physical impairment as allowed under Colorado law.

(ECF No. 93-13 at 9.)[2]  Given these allegations, a reasonable jury could find that

Plaintiff's claim was complete, that Defendant's conduct was unreasonable, and that, as

such, Defendant breached its duty of good faith and fair dealing.  Accordingly, summary

judgment on Plaintiff's bad faith breach of contract is denied.

## B.    Unreasonable Delay

Plaintiff's statutory claim is based on Colorado Revised Statutes §§ 10-3-1115 &

10-3-1116, which provide for a cause of action against an insurer that has

unreasonably delayed or denied a claim.  Such a civil action "is in addition to, and does

not limit or affect, other actions available by statute or common law."  *Vaccaro v. Am.*

*Family Ins. Grp.*, 275 P.3d 750, 756 (Colo. App. 2012) (internal quotation marks

omitted).  In a statutory claim, "the only element at issue . . . is whether an insurer

[delayed or] denied benefits without a reasonable basis."  *Id.* at 760.  "Determining

reasonableness under the circumstances is ordinarily a question of fact for the jury but

in appropriate circumstances may be decided as a matter of law."  *Tadehara v. State*

*Farm Mut. Auto. Ins. Co.,* 2011 WL 4048782, at *5 (D. Colo. Sept. 12, 2011).

Colo. Rev. Stat. § 10-3-1115(a) provides that: "A person engaged in the

business of insurance shall not unreasonably delay or deny payment of a claim for

benefits owed to or on behalf of any first-party claimant."  The statute explains, in a

somewhat circular fashion, that an insurer's actions are unreasonable "if the insurer

---

[2]  Colorado law clearly permits introduction evidence of post-litigation conduct as a basis for a bad faith claim.  *See Dale v. Guar. Nat. Ins. Co.*, 948 P.2d 545, 552 (Colo. 1997) (stating that the common law tort claim of bad faith "included the entire course of the insured's conduct with respect to Dale's benefits until the time of trial.").

delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action." *Id.* § 10-3-1115(2).

Defendant first argues that C.R.S. § 10-3-1115 does not apply to Plaintiff's legal claim because Plaintiff's UIM claim is not "benefits owed." (ECF No. 88 at 16.) Defendant contends that an insurer's duty under § 10-3-1115(a) to pay "benefits owed" is not triggered until there is either an agreement between the insurer and the insured or a judicial determination as to the amount owed. (*Id.* at 22.) Because the amounts owed to Plaintiff were (and continue to be) in dispute, Defendant argues that its failure to pay Plaintiff pursuant to her Demand Letter does fall within the scope of this provision. (*Id.*)

The District of Colorado has firmly and repeatedly rejected this argument. *See Baumann*, 2012 WL 122850, at *5; *Tadehara*, 2011 WL 4048782, at *4-5. Indeed, this Court has stated that:

> [I]t is highly unlikely that defendant's interpretation of C.R.S. Section 10-3-1115 is what the Colorado General Assembly intended by passing this statute. Under defendant's interpretation an insured could unreasonably delay and/or deny a valid claim for benefits and unreasonably refuse to settle the claim. Despite this bad faith, however the insurer could not be found liable under the statute unless and until its insured prosecuted a successful breach-of-contract suit against the insurer and won a judgment for damages.

> This would cause the insured to first need to successfully prosecute the breach-of-contract suit against the insurer, and then subsequently bring an entirely separate lawsuit seeking to prove a violation of C.R.S. Section 10-3-1115.

> Given the repeated assertions elsewhere in bad-faith law about how an insurer cannot compel an insured to litigation, defendant's preferred interpretation of Section 1115 surely cannot be what the General Assembly intended.

*Feichtner v. Am. Fam. Mut. Ins. Co.*, No. 09-cv-02681, ECF No. 439 (D. Colo. Oct. 11, 2011) (attached to Defendant's Motion as ECF No. 93-11).

Defendant acknowledges the above-mentioned case law, but argues that it does not apply in the context of an "undetermined amount" UIM claim.  (ECF No. 99 at 7.) Defendant provides no legal authority to show that Colorado courts are likely to give this provision the interpretation that it suggests.[3]   The Court is, therefore, not persuaded by Defendant's argument.   "[T]he fact that the benefits owed to Plaintiff is currently in dispute does not mean that Plaintiff's statutory bad faith claim fails as a matter of law." *Baumann*, 2012 WL 122850, at *5.

Defendant also argues that, even if C.R.S. § 10-3-115 applies, Defendant cannot be found to have unreasonably delayed payment under the statute because Plaintiff's claim was not "complete" when Plaintiff initiated this lawsuit,[4] and even if it were, Defendant had a sixty-day "safe haven" to investigate Plaintiff's claim.  (ECF No. 88 at 17-18.)  Defendant contends that, pursuant to Colorado Division of Insurance Regulation 5-1-15 ("Insurance Regulation"), insurers are required to make decisions on a claim within sixty days after receipt of the claim, "unless there is a reasonable dispute between the parties concerning such claim."  Colo. Div. of Ins. Reg. § 5-1-

---

[3]  The only authority Defendant cites for this proposition is an unpublished ruling from the El Paso County District Court in the Fourth District of Colorado, where the Court found that Plaintiff had presented no evidence to show that Defendant agreed that Plaintiff was entitled to "any" UIM benefit.  (ECF No. 99-5.)  Here, Defendant does not dispute that Plaintiff is entitled to benefits, the dispute is over the amount of benefits Plaintiff is owed.  Defendant's proffered authority is, therefore, not relevant to its argument.

[4]  The Court has already determined that whether or not Plaintiff's claim was complete is a question of fact for the jury to decide.

14(4)(A)(1)(a).  Defendant argues that Plaintiff, therefore, should have waited sixty days after serving Defendant with the Demand Letter before initiating this action, instead of filing her lawsuit after only 46 days had passed.  (ECF No. 88 at 7, 9, 10, 18.)  Plaintiff, however, argues that the Insurance Regulation is merely a "guideline," and that the legal standard for timeliness associated with a claims investigation is that an insurer should act "timely", "reasonably promptly", and "within a reasonable time".  (ECF No. 93 at 14 (quoting C.R.S. § 10-3-1104(1)(h) & the National Association of Insurance Commissioners handbook).)

Colorado courts have found that the Insurance Regulation's 60-day time limit is evidence of what is reasonable in the insurance business.  *See Vandevander v. Col. Farm Bureau Mutual Ins. Co.*, 2013-cv-0937 (Dist. Ct., Arapahoe Cnty. Jan. 8, 2014) (attached to Defendant's Reply as ECF No. 99-7) (finding that the Insurance Regulation provides a "save haven in which insurance companies may operate."); *American Fam. Mut. Ins. Co. v. Allen*, 102 P.3d 333, 343-44 (Colo. 2004) (explaining that statutes and regulations regarding insurance companies can be used as evidence of what is reasonable).  But no court has determined that litigation commenced before the sixty-day period expires is a complete bar to litigation.  Indeed, Defendant's own bad faith expert, Mr. Downey, Esq., noted that the Insurance Regulation's sixty-day time period is a "guideline" that "enables the regulatory authority to impose penalties, [but] doesn't necessarily apply to a court of law[.]"  (ECF No. 93-6 at 35:14-17.)

Plaintiff has offered evidence showing that she provided all the necessary documents to Defendant during the sixty-day period, and that Defendant's delay in settling Plaintiff's UIM claim was unreasonable.  (ECF Nos. 93-1, 94-1, 94-2, 93-2.)

Also, although it has been over a year since Plaintiff sent the Demand Letter to Defendant, Defendant continues to take the position that it does not have "all the available information" to value Plaintiff's UIM claim.  (ECF No. 93-3 at 15:5-24.) Because "conflicting evidence exists" as to whether Plaintiff's claim was complete and, thus, whether Defendant's delay in settling Plaintiff's UIM claim was reasonable, the issue of reasonableness is a question for jury.  *Bankruptcy Estate of Morris v. COPIC Ins. Co.*, 192 P.3d 519, 524 (Colo. App. 2008).

     Accordingly, summary judgment on Plaintiff's statutory claims is denied.

## IV.  CONCLUSION

     For the foregoing reasons, it is ORDERED that Defendant's Motion for Partial Summary Judgment (ECF No. 88) is DENIED.

     Dated this 15th day of October, 2014.

BY THE COURT:

William J. Martínez
United States District Judge