**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-1376-WJM-MJW

KIMBERLY GOODMAN,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

---

**ORDER DENYING MOTION TO STRIKE**

---

    Plaintiff Kimberly Goodman ("Plaintiff") brings this action against State Farm Mutual Automobile Insurance Company ("Defendant") alleging that Defendant's handling of her insurance claim amounted to bad faith. (ECF No. 106.) The case is set for a 5-day jury trial beginning on January 12, 2015. (ECF No. 111.)

    Before the Court is Plaintiff's Motion to Strike ("Motion") asking the Court to preclude Defendant's bad faith expert, Arthur Downey, from testifying as to any facts or opinions set forth in his September 24, 2014 report ("Supplemental Report"). (ECF No. 114.) For the reasons set forth below, the Motion is denied.

    Initially, the Court notes that Plaintiff originally argued in favor of exclusion because she contended that Defendant had failed to disclose many of the documents on which Mr. Downey relies in the Supplemental Report. (ECF No. 114 at 2-3.) In its Response to the Motion, Defendant pointed out when those materials were disclosed to Plaintiff, and Plaintiff acknowledged receipt of the disputed documents in her Reply

Brief. (ECF Nos. 116 & 120.) As such, the Court finds that any issue raised in the Motion related to a purported failure by Defendant to disclose materials that form the basis for the opinions in the Supplemental Report is moot.

Plaintiff also argues that the Supplemental Report is untimely as it was disclosed more nine months after the deadline for endorsing expert witnesses. (ECF No. 114 at 1.) However, the record shows that Mr. Downey was endorsed by Defendant as a bad faith expert before the deadline for such disclosures. (ECF Nos. 43 & 116.) Because Defendant timely endorsed Mr. Downey and timely produced his initial report, it was permitted to supplement his opinions to account for any incorrect or incomplete information. *See* Fed. R. Civ. P. 26(e). Thus, the Court finds that the Supplemental Report was not untimely.

Plaintiff next argues that the Supplemental Report was not actually a supplemental report, as is permitted by Rule 26(e). (ECF No. 114 at 2.) Mr. Downey's original expert report was issued on January 16, 2014, is eleven pages long, and contains a multitude of opinions regarding Defendant's handling of Plaintiff's claim between 2009 and 2013. (ECF No. 114-2.) The Supplemental Report is two pages, and only considers information that was submitted after January 2014. (ECF No. 114-1.) As such, the Court finds that the Supplemental Report is proper under Rule 26(e). *See Musket Corp. v. Star Fuel of Okla., LLC*, 2012 WL 4758386, at *1 (W.D. Okla. Oct. 5, 2012) (discussing difference between an untimely expert report and a true supplemental expert report).

Finally, Plaintiff argues that the Court should exclude the Supplemental Report because it contains opinions that are "antithetical" to the opinions expressed in his

original report (the "Original Report"), and therefore it cannot be a true supplement. (ECF No. 114 at 2.) Specifically, Plaintiff contends that Mr. Downey has changed his opinion on whether an insurance company has a continuing obligation to pay out or settle a claim once litigation is commenced. (*Id.*) Mr. Downey originally opined that, once litigation has been initiated, an insurance company has "no obligation to continue negotiations." (ECF No. 114-2.) During his deposition, Mr. Downey explained that he believed an insurance company had a continuing duty of good faith and fair dealing after litigation was filed, but that it has no duty to make offers of settlement if the insurance company's valuation of the claim is vastly different from the claimant's demand. (ECF No. 116 at 4.) In the Supplemental Report, Mr. Downey opines that Defendant's handling of Plaintiff's claim after litigation commenced complied with its ongoing duty of good faith and fair dealing. (ECF No. 114-1.)

Having reviewed the materials submitted by the parties, the Court finds that while Mr. Downey's Supplemental Report differs in some respects from the opinions he expressed in the Original Report, the latter report does not in fact directly contradict any of his original opinions as set forth in the Original Report, or in his deposition. Rather than providing a basis for excluding the Supplemental Report, in the Court's view any differences between its contents and the Original Report and/or deposition may more appropriately be used by Plaintiff to attempt to impeach or discredit Mr. Downey on cross examination at trial.

Accordingly, the Court ORDERS that Plaintiff's Motion to Strike (ECF No. 114) is DENIED.

Dated this 4th day of December, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge